# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0769V

JAMIE MILLER, *personal representative of the* ESTATE OF REBECCA DOBBINS,

     Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

     Respondent.

Chief Special Master Corcoran

Filed: June 23, 2025

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Alyssa M. Petroff, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 16, 2024, Rebecca Dobbins ("Ms. Dobbins")[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza vaccine received on September 15, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] On April 8, 2025, Petitioner's counsel filed a status report reporting that Ms. Dobbins had passed away on January 3, 2025; her death certificate confirms her death due to causes unrelated to vaccination. ECF No. 23; ECF No. 25 (Ex. 14 (death certificate)). On May 5, 2025, Petitioner's counsel moved to substitute Jamie Miller, personal representative of the estate of Ms. Dobbins, as the Petitioner, which was granted that day. ECF No. 26; ECF No. 27.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On March 10, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On June 23, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $97,226.00, consisting of $97,000.00 in past pain and suffering and $226.00 in past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $97,226.00 (consisting of $97,000.00 in past pain and suffering and $226.00 in past unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

JAMIE MILLER, personal representative of the
ESTATE OF REBECCA DOBBINS,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 24-769V
Chief Special Master Corcoran
ECF

## PROFFER ON AWARD OF COMPENSATION

On May 16, 2024, Rebecca Dobbins ("Ms. Dobbins") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza vaccine received on September 15, 2022. Petition at 1. On March 10, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on the same day the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 19; ECF No. 20. On April 8, 2025, petitioner's counsel filed a status report reporting that Ms. Dobbins had passed away on January 3, 2025; her death certificate confirms her death due to causes unrelated to vaccination. ECF No. 23; ECF No. 25 (Ex. 14 (death certificate)). On May 5, 2025, petitioner's counsel moved to substitute Jamie Miller, personal representative of the estate of Ms. Dobbins, as petitioner, which was granted that day. ECF No. 26; ECF No. 27.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

   A.  Pain and Suffering

   Respondent proffers that petitioner should be awarded **$97,000.00** in past pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

   B.  Past Unreimbursable Expenses

   Evidence supplied by petitioner documents that Ms. Dobbins incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$226.00**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

   The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

   Evidence of petitioner's representative capacity is required, and no payments pursuant to this Proffer shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Ms. Dobbins's estate.[1]

---

[1] While petitioner appears to have been appointed personal representative of the estate of Ms. Dobbins, the certificate of appointment indicates restrictions on the assets that may be received. ECF No. 25 (Ex. 14).  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:

A lump sum payment of **$97,226.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as legal representative of Ms. Dobbins's estate.

Petitioner agrees.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE FIELDING
Assistant Director
Torts Branch, Civil Division

**/s/ *Alyssa M. Petroff***
ALYSSA M. PETROFF
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-3852
Fax: (202) 616-4310
Email: Alyssa.Petroff2@usdoj.gov

Date: June 23, 2025

3